UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUI PIRES,

                              Movant,

              -against-

UOB HOLDINGS (USA) INC.,

                              Respondent.

20-CV-01612-LTS-GWG

## <u>Memorandum Order</u>

   Plaintiff Rui Pires ("Plaintiff") brings this motion for default judgment against Defendant UOB Holdings (USA) Inc. ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2), on claims asserted pursuant to the Copyright Act of 1976, 17 U.S.C. section 501, and the Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. section 1202(b).  (Docket entry no. 1 ("Complaint").)  Defendant has not responded to Plaintiff's complaint or otherwise appeared. The Court has jurisdiction of this action pursuant to 28 U.S.C. sections 1331 and 1338(a).

   The Court has reviewed Plaintiff's submissions carefully and, for the following reasons, grants Plaintiff's motion for default judgment as to all counts.

### <u>Background</u>

   The following recitation of facts is drawn from the Complaint, as well as from the uncontroverted documentary evidence filed in support of the instant motion practice.  In light of Plaintiff's failure to respond to the Complaint, the well-pleaded factual allegations contained therein are deemed admitted.  <u>See</u> Fed. R. Civ. P. 8(b)(6); <u>Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.</u>, 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to

constitute an admission of all well pleaded allegations of liability . . .").  Plaintiff's factual

proffers in support of the instant motion are uncontroverted.  (See docket entry nos. 22 and 23.)

Plaintiff is a professional photographer who licenses photographs for a fee.

(Complaint ¶ 5.)  Plaintiff is the creator and owner of the photograph at issue in this action (the

"Photo").  (Docket entry no. 23 ("Pires Decl.") ¶ 4.)  On or about February 28, 2012, Plaintiff

published the Photo with a watermark containing his name in the bottom left-hand corner.  (Id. ¶

5.)  Plaintiff has proffered a Certificate of Registration numbered VA 2-190-918 from the U.S.

Copyright Office for the Photo with an effective date of February 13, 2020.  (Id. Ex. C.)

Defendant published the Photo on its commercial website without crediting

Plaintiff as the owner or author of the Photo.  (Id. Ex. B.)  In so doing, Defendant cropped out

Plaintiff's watermark, removing information identifying Plaintiff as the author of the Photo.

(Complaint ¶ 19.)  The date of publication is not displayed on the screen capture proffered by

Plaintiff (Pires Decl. Ex. B), nor does Plaintiff allege a date on which it was published.

(Complaint ¶¶ 11-12.)  Defendant did not license the Photo from Plaintiff or have Plaintiff's

permission to publish the Photo.  (Complaint ¶ 12.)

Plaintiff served the Summons and Complaint in this action upon Defendant on

February 26, 2020, by delivery to the Office of the Secretary of the State of New York.  (Docket

entry no. 5.)  Defendant failed to respond.  On January 26, 2021, at Plaintiff's request (docket

entry no. 10), the Clerk of Court issued a Certificate of Default.  (Docket entry no. 12.)  Plaintiff

first moved for default judgment on February 19, 2021.  (Docket entry no. 14.)  The Court

terminated that motion without prejudice to renewal upon submission of a declaration of a person

with knowledge of the facts required to meet Plaintiff's burden of proof, and submission of proof

of service of the summons and complaint and the renewed motion for default judgment upon

Defendant.  (Docket entry no. 18.)  Plaintiff refiled his motion for default judgment on March 25, 2021 (docket entry no. 20), as well as a Certificate of Service on Defendant of the Court's Order, Second Motion for Default Judgment, Declaration of Plaintiff and counsel, Memorandum of Law, and proposed default judgment and statement of damages.  (Docket entry no. 25.)

D<small>ISCUSSION</small>

Federal Rule of Civil Procedure 55(b)(2) provides that where a party fails to plead or otherwise defend against a complaint, and after entry of default, a default judgment may be entered against such person.  Fed R. Civ. P. 55(b)(2).  Upon entry of default, a court should accept as true all of the factual allegations of the complaint, except those relating to damages, and "draw all reasonable inferences" in the moving party's favor.  Securities and Exchange Commission v. Genovese, 18-CV-942-JGK, 2021 WL 350142, at *11 (S.D.N.Y. Aug. 6, 2021); see also Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009); see also Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

In determining whether to grant a motion for default judgment, the Court considers three factors: "(1) whether the defendant's default was willful; (2) whether [the] defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Santana v. Latino Express Restaurants, Inc., 198 F. Supp. 3d 285, 291 (S.D.N.Y. 2016) (citation omitted).

Here, all factors weigh in Plaintiff's favor.  Regarding the first factor, "a defendant's failure to appear and respond is generally deemed to satisfy a finding of willfulness." See Hirsch v. Sell It Social, LLC, 20-CV-153-LTS-BCM, 2020 WL 5898816, at *2 (S.D.N.Y.

Oct. 5, 2020) (finding defendant's nonresponse sufficient to demonstrate willfulness). Plaintiff properly served Defendant with a summons and with his notice of motion for default judgment (docket entry nos. 5, 25), but Defendant did not answer, appear, or request an extension of time to respond. Regarding the second factor, because Defendant has failed to answer the Complaint, the Court cannot determine whether Defendant has a meritorious defense. See id. ("Because Defendant has failed to answer the Complaint, the Court is unable to determine whether Defendant has a meritorious defense."); see also Joseph v. HDMJ Rest., Inc., 970 F. Supp. 2d 131, 143 (E.D.N.Y. 2013) ("Where a defendant fails to answer the complaint, courts are unable to make a determination whether the defendant has a meritorious defense to the plaintiff's allegations."); see also Indymac Bank, F.S.B. v. Natl. Settlement Agency, Inc., No. 07-CV-6865-LTS-GWG, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) ("[T]he Court is unable to determine whether these defendants have a meritorious defense to Plaintiff's allegations because they have presented no such defense to the Court."); see also Au Bon Pain, 653 F.2d at 65. Third, "the Plaintiff will be prejudiced and left with no other recourse if denied judgment by default, as Defendant has willfully failed to respond to the Complaint and the present motion." Hirsch, 2020 WL 5898816, at *2.

Having weighed these three factors, the Court must "decide whether the plaintiff has pleaded facts supported by evidence sufficient to establish the defendant's liability with respect to each cause of action asserted." Santana, 198 F. Supp. 3d at 291. If so, the Court "must go on to 'determine the appropriate amount of damages, which involves two tasks: determining the proper rule for calculating damages on such a claim, and assessing the plaintiff's evidence supporting the damages.'" Id. (quoting Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)).

Count One: Copyright Infringement

To establish a violation of the Copyright Act under 17 U.S.C. section 501, a plaintiff must demonstrate ownership of a valid copyright and defendant's infringement, that is, copying of original elements of the copyrighted work.  See Arista Records LLC v. Doe 3, 604 F.3d 110, 117 (2d Cir. 2010).  "Copying is shorthand for the infringing of any of the copyright owner's five exclusive rights described in [17 U.S.C. section] 106."  Id. (internal quotation omitted).  The instant case concerns the copyright owner's exclusive right "to reproduce the copyrighted work in copies."  17 U.S.C.A. § 106(1) (Westlaw through P.L. 117-102).  Here, Plaintiff's well-pleaded allegations demonstrate that Plaintiff holds a valid copyright in the Photo (see Pires Decl. Ex. C), and that Defendant infringed Plaintiff's copyright by reproducing and publicly displaying an unauthorized copy of the Photo on Defendant's website.  (Complaint ¶ 14; Pires Decl. ¶ 6 & Ex. B.)  Plaintiff has therefore established copyright infringement by Defendant.  See Arista Records, 604 F.3d at 117; see also Reilly v. Commerce, 15-CV-05118-PAE-BCM, 2016 WL 6837895, at *6 (S.D.N.Y. Oct. 31, 2016), report and recommendation adopted, 15-CV-05118-PAE (S.D.N.Y. Nov. 21, 2016), ECF no. 21.

Count Two: Copyright Management Information

"The DMCA 'protects against the removal or alteration of copyright management information ("CMI"), which is defined in part as identifying information about the author of a work 'conveyed in connection with' the work."  Hirsch, 2020 WL 5898816, at *3 (quoting Mango v. BuzzFeed, Inc., 356 F. Supp. 3d 368, 376 (S.D.N.Y. 2019)).  The DMCA states that "no person shall, without the authority of the copyright owner or the law – (1) intentionally remove or alter any copyright management information."  17 U.S.C.A. § 1202(b) (Westlaw

through P.L. 117-102).  CMI includes "the name of, and other identifying information about, the author [or copyright owner] of a work."  17 U.S.C.A. § 1202(c)(2)-(3) (Westlaw through P.L. 117-102).  To establish a violation under subsection 1202(b), a plaintiff must show "(1) the existence of CMI on the [infringed work]; (2) removal and/or alteration of that information; and (3) that the removal and/or alteration was done intentionally."  BanxCorp v. Costco Wholesale Corp., 723 F. Supp. 2d 596, 609 (S.D.N.Y. Jul. 14, 2010).

Plaintiff has established that the Photo was first published with his full name and a copyright symbol in a watermark in the bottom left-hand corner.  (Pires Decl. Ex. A.)  This clearly falls within the definition of CMI because it identifies Pires as the author and copyright holder of the Photo.  Plaintiff alleges that UOB Holdings "cropped out Plaintiff's watermark and intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the [Photo]."  (Complaint ¶ 19.)  These allegations, which are taken as true after default, are sufficient to establish liability under subsection 1202(b).

DAMAGES

Plaintiff requests $1,075.00 in actual damages under 17 U.S.C. section 504(b), $5,000.00 in statutory damages under 17 U.S.C. section 1203(c)(3)(B), $735.00 in attorney's fees and $440.00 in costs pursuant to 17 U.S.C. section 1203(b)(5), and post-judgment interest under 28 U.S.C. section 1961.  (Docket entry no. 20 ¶¶ 3-6.)

Because Defendant's liability under the Copyright Act and DCMA has been established, Plaintiff is entitled to damages.  However, on a motion for default judgment, the Court will not accept as true allegations in the complaint with respect to damages.  See Au Bon Pain, 653 F.2d at 65.  "The District Court must instead conduct an inquiry in order to ascertain

the amount of damages with reasonable certainty." <u>Alcantara</u>, 183 F.3d at 155 (internal citation

omitted).  However, while the Court may conduct a hearing to make this determination, it is not

required to do so.  <u>Transatlantic Marine Claims Agency Inc. v. Ace Shipping Corp., Div. of Ace</u>

<u>Young Inc.</u>, 109 F.3d 105, 111 (2d Cir. 1997).

<u>Actual Damages Under the Copyright Act</u>

Plaintiff seeks $1,075 in actual damages under the Copyright Act.  Because

Plaintiff has established Defendant's liability under this statute, Plaintiff is entitled to damages.

Under the Copyright Act, an infringer of a copyright is liable for an award of either "(1) the

copyright owner's actual damages and any additional profits of the infringer, as provided by

subsection (b); or (2) statutory damages."  17 U.S.C. § 504(a) (Westlaw through P.L. 117-102).

"The copyright owner is entitled to recover the actual damages suffered by him or her as a result

of the infringement."  17 U.S.C.A. § 504(b) (Westlaw through P.L. 117-102).

"The Copyright Act grants courts discretion in calculating the actual damages

sustained by a prevailing party, as long as the claim is reasonable according to typical market

values."  <u>Sheldon v. Plot Commerce</u>, No. 15-CV-5885-CBA-CLP, 2016 WL 5107072, at *14

(E.D.N.Y. Aug. 26, 2016), <u>report and recommendation adopted</u>, 2016 WL 5107058 (E.D.N.Y.

Sept. 19, 2016).  Because "it is unreasonable to expect plaintiffs to be able to calculate the actual

damages they have suffered – particularly in default cases," <u>Cuffaro v. Fashionisto LLC</u>, No. 19-

CV-7265-GBD-KHP, 2020 WL 5077449, at *3 (S.D.N.Y. Jul. 09, 2020) (internal quotation

omitted), <u>report and recommendation adopted</u>, 2020 WL 5076826 (S.D.N.Y. Aug. 27, 2020),

courts have permitted plaintiffs to proffer evidence of "fair market value" as a way to ascertain

damages while still "protect[ing] [the defendant] against an unrealistically exaggerated claim."

<u>See</u> <u>On Davis v. The Gap, Inc.</u>, 246 F.3d 152, 166 (2d Cir. 2001).  In the context of a lost

licensing fee, a plaintiff "must show 'that the thing taken had a fair market value,' not merely

what the copyright owner 'would have charged.'" Sheldon, at *3 (quoting On Davis, 246 F.3d at

166.)

Here, Plaintiff acknowledges having never actually licensed the Photo (Pires

Decl. ¶ 10), but asserts that the fair market value of a license to Defendant would have been

$1,075.  (See docket entry no. 21 ("Pl. Mem.") at 3.)  Plaintiff bases this assertion on what

GettyImages.com, a stock photography agency, charges to license a similar image.  (See Pires

Decl. Ex. D) (containing a screenshot from GettyImages.com, showing the agency charging

$1,075 to license a color photo of the same landscape).  Plaintiff states that Getty Images is "the

leading stock photography agency."  (Pl. Mem. at 10.)  Courts in this District have found such a

proffer to constitute persuasive evidence of the fair market value of a lost licensing fee.  See

Cuffaro, 2020 WL 5077449, at *4 (finding that "[plaintiff's] Getty Images photo evidence is

persuasive" because of similarities in color and subject matter between plaintiff's photo and the

photo on the Getty Images website and awarding plaintiff actual damages in the amount of the

price of the Getty Images photo).  Here, the image proffered by Plaintiff is another color photo of

the same subject, Portugal's Douro Valley.  (Pires Decl. Exs. A, D.)  While Courts cannot simply

accept plaintiffs' estimations of damages in default judgment cases, see Hosking v. New World

Mortg., Inc., 570 Fed. App'x 28, 32 (2d Cir. 2014) (requiring "credible evidence" to determine

the amount of damages in a default judgment), courts in this District have found that the

combination of a Plaintiff's estimate and a proffer of evidence that Getty Images licenses similar

photographs in the amount of the estimate is sufficient to allow the Court to reasonably assume

the amount of damages.

Because Plaintiff estimates his damages to be $1,075 and proffers evidence that a license for a similar photograph has a fair market value of $1,075, the Court finds that Plaintiff has met his evidentiary burden to credibly estimate the damages to which he is entitled.  The Court also finds that "the amount of damages is not based on undue speculation."  On Davis, 246 F.3d at 166.  The Court therefore awards Plaintiff $1,075 in actual damages for Defendant's violation of the Copyright Act.

Statutory Damages Under the DMCA

Plaintiff also seeks $5,000 in statutory damages for one violation of the DMCA, namely Defendant's removal of Plaintiff's CMI (a watermark containing a copyright logo and Plaintiff's name) from the Photo when posting it on Defendant's website.  17 U.S.C.A. § 1202(a)-(c) (Westlaw through P.L. 117-102).  Because Plaintiff has established Defendant's liability under this statute, Plaintiff is entitled to damages under the DMCA.

Because the Copyright Act and the DMCA "protect different interests," Agence France Presse v. Morel, No. 10-CV-2730-AJN, 2014 WL 3963124, at *10 (S.D.N.Y. Aug. 13, 2014), Plaintiff may collect damages under both statutes.  The DMCA permits recovery of any amount between $2,500 and $25,000 in statutory damages for a single violation of 17 U.S.C. section 1202.  17 U.S.C.A. § 1203(c)(3)(B) (Westlaw through P.L. 117-102).

"The award of statutory damages is especially fitting in the default judgment context where Plaintiffs are without the benefit of any disclosure by the infringer, leaving damages uncertain."  Cuffaro, 2020 WL 5077449, at *5 (quoting Tu v. TAD System Tech., Inc., No. 08-CV-3822-SLT-RM, 2009 WL 2905780, at * 2 (E.D.N.Y. Sept. 10, 2009)).  To determine statutory damages under the DMCA, the Court may consider other factors, including "the difficulty of proving actual damages, the circumstances of the violation, whether the Defendants

violated the DMCA intentionally or innocently, and deterrence." <u>Agence France Presse</u>, 2014
WL 3963124, at *10.

Here, the Court finds that Plaintiff's proposed award of $5,000 is appropriate.
The Court notes that district courts in the Second Circuit have generally awarded amounts
consistent with or greater than this figure.  <u>See</u>, <u>e.g.</u>, <u>Mango</u>, 356 F. Supp. 3d at 378 (awarding
$5,000 for a single violation of the DMCA); <u>Myeress v. Elite Travel Grp. USA</u>, No. 18-CV-340-
AJN, 2018 WL 5961424, at *4 (S.D.N.Y. Nov. 14, 2018) (awarding $5,000 for a single violation
after default); <u>Reilly</u>, 2016 WL 6837895, at *12 (awarding $5,000 per violation for two
violations of the DMCA after default); <u>Sheldon</u>, 2016 WL 5107058, at *17 (awarding $25,000
per DMCA violation).  The Court also notes that, in the rare instance where an award was less
than $5,000, the Court based its decision in part on Plaintiff's failure to provide more than
minimal support for his claim for statutory damages.  <u>See</u>, <u>e.g.</u>, <u>Cuffaro</u>, 2020 WL 5077449, at
*5 (awarding the statutory minimum of $2,500 for a single DMCA violation after default, where
"[p]laintiff's Complaint [did] not specify what copyright information Defendant removed", "the
copy of Plaintiff's photograph . . . differ[ed] from how the image [was] displayed on Plaintiff's
website," and "the version of the photograph attached to the complaint [bore] no watermark.").
Here, Plaintiff specified the information removed from the Photo, and the copy of the Photo
attached to the Complaint clearly shows the watermark that has been removed.

In determining the amount of statutory damages, the Court also finds, as have
other courts in this District, that an award of $5,000 is effective to deter future infringement.
<u>See</u>, <u>e.g.</u>, <u>Bass v. Diversity Media</u>, No. 19-CV-2261-AJN, 2020 WL 2765093, at *4-5 (S.D.N.Y.
May 28, 2020) (finding that an award in the amount of a "substantial multiple of [plaintiff's]

licensing fee" will "satisfy the dual purposes of statutory damages—compensation and deterrence") (internal citation omitted).

The Court therefore awards Plaintiff $5,000 in statutory damages for Defendant's violation of the Copyright Act.

Attorney's Fees

Both the Copyright Act and the DMCA expressly permit the Court to award reasonable attorney's fees to the prevailing party.  17 U.S.C.A. §§ 505, 1203(b)(5) (Westlaw through P.L. 117-102).  Here, an award of attorney's fees is appropriate.  See Hirsch, 2020 WL 5898816, at *5-6 (awarding reasonable attorney's fees following a finding of willful infringement).  The party seeking reimbursement of attorney's fees bears the burden of proving the reasonableness and the necessity of the hours spent and rates charged.  See generally N.Y.S. Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983).  Requests for attorney's fees in this Circuit must be accompanied by contemporaneous time records that show the date the work was done for each attorney, "the hours expended, and the nature of the work done."  Id.; see also Scott v. City of N.Y., 643 F.3d 56, 58-59 (2d Cir. 2011).  These filings enable the Court to determine whether the fee sought is reasonable.  See Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983).

Plaintiff's counsel, Mr. Freeman, requests $735.00 in attorney's fees for 2.1 hours of work, and $440.00 in costs.  (See docket entry no. 22 ("Freeman Decl.") ¶ 22.)  Plaintiff's counsel seeks an hourly rate of $350.  (Id. ¶ 24.)  Though Mr. Freeman is a senior associate, rather than a partner, the Court notes that Mr. Freeman has "twenty years of substantial experience in the field of intellectual property law."  (Id. ¶ 24.)  The Court also notes that Mr.

Freeman's rate was approved by another Judge in this District. <u>Mango</u>, 356 F. Supp. 3d at 376

("[T]he Court finds that $350 per hour is an appropriate rate for Freeman's hours.").

Plaintiff's counsel submitted a statement of fees and costs which indicates that he

spent a total of 2.1 hours litigating this case. (Freeman Decl. at 6.) This statement includes 1.2

hours to draft Plaintiff's Motion for Default Judgment and Plaintiff's attorney's declaration, and

.9 hours to draft Plaintiff's Memorandum of Law. A review of other cases finds that this is a

reasonable amount of time to have spent litigating this case. <u>See, e.g.</u>, <u>Cuffaro</u>, 2020 WL

5077449, at *6 (approving four hours of billable time in a case charging one violation of the

Copyright Act and one violation of the DMCA).

Plaintiff also requests $440 in costs. The Court has discretion to award costs

under the DMCA. <u>See</u> 17 U.S.C. § 1203(b)(4) (Westlaw through P.L. 117-102). Plaintiff has

requested reimbursement for the $400 filing fee charged by the Court and $40 for personal

service. (Freeman Decl. at 6.)

This Court finds that Plaintiff's counsel's billing rate appears to be in line with

that of similarly experienced attorneys in copyright actions, and his request for fees is

appropriate. The Court also finds that Plaintiff's counsel's request for costs is appropriate. The

Court therefore orders an award of $735.00 in attorney's fees and $440.00 in costs.

<u>Post-Judgment Interest</u>

The Court must award post-judgment interest on any money judgment recovered

in a civil case. <u>See</u> 28 U.S.C.A. § 1961 (Westlaw through P.L. 117-102); <u>STMicroelectronics,</u>

<u>N.V. v. Credit Suisse Sec. (USA) LLC</u>, 648 F.3d 68, 83 (2d Cir. 2011). Post-judgment interest is

measured "from the date of the entry of the judgment, at a rate equal to the weekly average 1-

year constant maturity Treasury yield . . . for the calendar week preceding the date of the

judgment," "computed daily to the date of payment" and "compounded annually."  28 U.S.C.A. § 1961(a)-(b) (Westlaw through P.L. 117-102.)  The Court awards Plaintiff post-judgment interest calculated in this manner.

<u>C</u>ONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment (docket entry no. 20) is granted.  Plaintiff is awarded damages as follows: (1) $1,075.00 in actual damages for violation of the Copyright Act, (2) $5,000.00 in statutory damages for violation of the DMCA, (3) $735.00 in attorney's fees, and (4) $440 in costs.  The Clerk of Court is respectfully requested to enter judgment accordingly and close this case.  This Memorandum Order resolves docket entry no. 20.

SO ORDERED.

Dated: New York, New York
        March 28, 2022

 /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge